**Daniel E. GEVINSON et al., Appellants,**

**v.**

**MANHATTAN CONSTRUCTION COMPANY OF OKLAHOMA et al., Appellees.**

**No. 16846.**

Court of Civil Appeals of Texas.

Fort Worth.

Sept. 15, 1967.

Rehearing Denied Nov. 10, 1967.

Smith, Cordray & Vickers, Houston, Gottlieb & Schiff, and Charles Gottlieb, New York City, for appellants.

Vinson, Elkins, Weems & Searls, Houston, Thornton, Stamper & Dalton, and Andrew T. Dalton, Jr., and David M. Thornton, Tulsa, Okl., for appellee.

## OPINION

MASSEY, Chief Justice.

Action and cross-action in the trial court involved title to certain land and improvements thereon. The issue of title was raised by cross-action in trespass to try title.

Action by the plaintiffs Manhattan Construction Company of Oklahoma and Manhattan Construction Company of Texas, for themselves and on behalf of Manhattan-Dalmark (a joint venture, percentage interest in which—as by partners—was agreed upon between said plaintiffs with Dalmark Construction Company, disclosed to have been one of the *alter ego* entities of defendant Daniel Gevinson) concluded with prayer that Manhattan Construction Company of Oklahoma have declaratory judgment to the effect that it was the true and rightful owner of one defendant sued, to-

wit 21 Turtle Creek Square, Ltd. (a limited partnership under provisions of law in this state), together with all the assets of the same whether real, personal or mixed; and that the plaintiffs (apparently collectively and in proportion to the percentage interest of all who were parties beneficiary to the joint venture) were entitled to recover and hold valid statutory, constitutional and equitable liens in the amount of $989,881.72 against all the property of 21 Turtle Creek Square, Ltd.; and in addition to receive decree of foreclosure subject to an undisputed prior lien held by the New York State Teachers' Retirement System,—with judgment for any deficiency which might be a result through judgment against Daniel Gevinson, as an individual defendant.

■ We here take occasion to note that a single individual or entity cannot be "owner" of a partnership, though he or it could become the owner of what might have theretofore been property which belonged to such.

We furthermore take occasion to note that in the event another or others become true and rightful owner(s) of what might have theretofore been property which belonged to a partnership it would be a useless gesture for the true and rightful owner(s) to seek to have established liens against such. Of course, it could occur in such a situation that those who succeeded to the title of property formerly belonging to a limited partnership under circumstances, where such property was the whole of the property belonging to such partnership, might additionally be entitled to personal judgment as against one of more who had been general partners. The same might perhaps also be a result as against one or more who had been limited partners under certain circumstances—appertaining to equity—such as because of conduct which would make it proper to hold him or them liable just as though the partnership interest was not "limited".

Judgment rendered by the trial court decreed: (1) that plaintiffs, by and through David M. Thornton, as trustee, own all the partnership interest in 21 Turtle Creek Square, Ltd., a limited partnership, and title thereto was accordingly decreed with direction for amendment of the certificate of limited partnership appertaining in the office of the Secretary of State; (2) that plaintiffs have and recover of the defendant Daniel Gevinson the stock certificate representing the shares of stock of another of the defendants, 21 Properties, Incorporated, title thereto being decreed as in plaintiffs; (3) that plaintiffs recover jointly and severally from defendants 21 Turtle Creek Square, Ltd. (the limited partnership) and 21 Properties, Incorporated (one of the original general partners of the limited partnership) the sum of $1,104,881.-72, with interest from date of judgment and costs; (4) that plaintiffs have and recover from the defendant Daniel Gevinson, individually and jointly and severally with said other defendants, the sum of $230,-863.00 as the portion of such $1,104,881.72 for which Gevinson is personally responsible and liable; (5) and that plaintiffs have a lien affixed to and against the real and personal properties of 21 Turtle Creek Square, Ltd. (the limited partnership) for the sum of $1,104,881.72,—and that after 30 days and in the event the defendants, or any of them, fail to pay same within such period, a foreclosure and sale as under execution in satisfaction of judgment, subject to the first and prior lien of the New York State Teachers' Retirement System,—and if the property cannot be found then to receive the money or any balance thereof remaining unpaid out of any other property of the defendants as in the case of ordinary execution.

From such judgment the defendants appealed. The appellants before this court—by name in any event—are: (1) Daniel Gevinson as an individual (in respect to his liability apart from and by reason of his original partnership interest in 21 Turtle

Creek Square, Ltd., and/or in respect to his liability by reason of his existent or formerly existent general partner status and corespondent ownership of title as follows: as the owner of one-half of one per cent general partnership interest in 21 Turtle Creek Square, Ltd. as applied to the property belonging to it, and as the owner of a ninety-nine per cent interest in the same property as a limited partner); (2) 21 Properties, Incorporated, as the owner of one-half of one per cent interest in the partnership as a general partner; and (3) Dalmark Corporation, a corporation shown to be wholly owned by Daniel Gevinson (and also shown to have been his alter ego). Note: Dalmark Corporation was never named as a defendant—indeed plaintiffs' pleadings named such corporation as a member of the joint venture for the benefit of which their suit was brought,—but said corporation was named as cross-plaintiff as against those originally bringing the suit and against others sued for purposes of the cross-action.

The appellees before this court are: (1) Manhattan Construction Company of Oklahoma; (2) Manhattan Construction Company of Texas; (3) David M. Thornton, individually and/or as trustee for the aforesaid corporations; and (4) C. A. Bullen—who was and is an officer for said corporations. In the cross-action Thornton and Bullen were named cross-defendants along with the Manhattan Companies as applied to the matter of title to the property which is the primary subject matter of the whole litigation. As already stated the cross-action was in form of trespass to try title, in answer to which there was a plea of "not guilty".

With the question of title settled the remainder of the questions involved would solely relate to the matter of accounting, i. e., who owes what to whom, for what, and how much.

It is obvious that the judgment could have and in our opinion should have been so written as to vest title (as between par-

ties to the litigation) in the cross-defendants in trespass to try title. What the judgment of the trial court did decree was ownership of all the partnership interest in 21 Turtle Creek Square, Ltd. in the two Manhattan Companies, by and through David M. Thornton, as trustee. The record reflects that such partnership interest was ownership of that property. The record also reflects that C. A. Bullen was and is the principal officer and manager of the affairs of the two Manhattan Companies. There would be no good reason—as of this time or as of the time judgment was decreed—why it should be necessary to provide for anything other than to settle the title question between the parties. There is no occasion for foreclosure proceedings and expense and delay attendant thereto where the effect of the judgment could only lead to the same end. That a decree in trespass to try title would also name the cross-defendant C. A. Bullen as one of the owners would in no way prejudice the appellants.

We feel free, therefore, to render judgment in this court in trespass to try title. The appellees who were cross-defendants are so entitled by reason of the facts shown of record that the appellants who were cross-plaintiffs under that form of action failed to prevail by their suit and/or failed to have submitted and obtain favorable answers to special issues determinative of fact questions existent under the evidence. Indeed, they did not request such special issues nor object because of their absence. We do not believe that their right to title was established as a matter of law in view of the circumstances under which the cross-defendants were shown to have gone into possession of the property, nor in view of the circumstances under which said cross-defendants' predecessor, Kirkeby-Natus Corporation, was in possession immediately prior to that time.

In order that this opinion will not be unduly lengthened the judgment in trespass to try title will not be herein set forth

but will be recited in our judgment as applied to the description of the real property as to which (as between the parties adversary in the litigation) title is decreed in cross-defendants.

We will, however, briefly comment upon material matters having relation to the case as one in trespass to try title. In March of 1964 Kirkeby-Natus Corporation went into possession of the subject property under a disputed right of title and under circumstances in view of which its titular right was never settled. (There was, furthermore, an issue upon the matter of instruments confirming such title as of April 17, 1964.) Resolution of said question, in our opinion, depended upon fact questions which might have been resolved by jury findings. These questions were not settled for they were not submitted to the jury. Any error existent by reason thereof was not preserved for purposes of the appeal. On or about August 26, 1964 an issue was raised as to whether the same title in cross-defendants was derived from Kirkeby-Natus Corporation through transfer upon legal consideration. Circumstances shown in connection therewith created additional questions of fact in connection with cross-defendants' possessory and titular rights. Said questions therefore became such as to which the burden was cast upon cross-plaintiffs to seek to have issues submitted and answers returned in their favor if they would show themselves entitled to judgment in trespass to try title. They did not discharge this burden. The error, if any existent, was never raised nor preserved.

Appellants, who were cross-plaintiffs, devote much of their argument to the proceedings under which the Kirkeby-Natus Corporation's title was derived. Their contention is that impropriety was existent because such was pursuant to a private sale in violation of contractual agreement existent and binding upon Kirkeby-Natus relative to notice and the form thereof made a condition of Kirkeby-Natus right to foreclosure and sale. Further contention there-

unto appertaining was predicated upon provisions of the Lien Law of the State of New York, in particular Article 9 thereof relative to provisions for rights of a lienor against sales privately held.

Kirkeby-Natus Corporation was not made a party to the instant litigation. The questions raised by appellants would be pertinent only to litigation between themselves and such corporation. The same questions are immaterial to any present necessary determination.

■ As applied to the remainder of the judgment, to-wit: who owes what to whom, for what, and how much, we need refer only to the pleadings of the plaintiffs. With this done it is to be noted that Dalmark Corporation, already noticed to have been the alter ego of defendant Daniel Gevinson, was named as a beneficial plaintiff in that the other plaintiffs brought suit in its behalf as well as their own. Insofar as the situation is to be observed there appears to be a hiatus in that there was no attempt to secure any accounting as between the plaintiffs other than Dalmark Corporation (nee Gevinson) and that as applied to $230,863.00 of the amount for which judgment was secured by and in behalf of all the named plaintiffs, and the corporation in whose behalf they further sought relief, accounting as between them was neither sought nor provided in the judgment. Since there appears to be no practical manner in which proper severance may be ordered as to said portion of the judgment we perceive no alternative other than to reverse the same as applied thereto with direction of remand for another trial under amended pleadings in order that complete relief between the parties may be obtained as contemplated by the spirit of Texas Rules of Civil Procedure, rule 39, "Necessary Joinder of Parties".

The same is true as applied to funds representing advances made by the Manhattan-Dalmark joint venture to 21 Turtle Creek Square, Ltd., Gevinson Associates Construction Company, and Mardal Con-

struction Company—pursuant to construction and accounting under the various contracts prior to the date on or about August 1, 1964 when, under the theory under which trial was held, there was a change in the title to the property in controversy. No accounting evidence resolved the interest of Dalmark Construction Company (nee Gevinson) and that of the other plaintiffs. Furthermore, it is apparent from the evidence that no attempt was made to segregate the accounting figures applicable to the time before there was contended to have been a change in ownership or title to the property in controversy as applied to amounts not properly attributable to the construction contracts. It is obvious that a portion of said amounts shown in the evidence would not be proper for consideration if the theory of title transfer and time of title transfer under which that portion of the case relating to the count in trespass to try title be given controlling effect. This, as noted hereinabove, has been given such effect.

A sizeable amount for which the judgment also provided in behalf of the Manhattan Construction Company of Oklahoma and the Manhattan Construction Company of Texas because of funds advanced after the November 30, 1964 "final closing" of the permanent loan on the subject property (after there had been a succession to the title of Kirkeby-Natus Corporation) and during the period there was attempted operation of the premises as an apartment house appears to have been improperly granted by the judgment of the lower court. If there was a succession to title, as we have held, the holder thereof would not be entitled to recoupment of any losses attendant to an attempted business operation it was not obliged to undertake in the absence of contract or some compelling equitable relationship which the evidence failed to disclose. Nevertheless, there appears to be no practical manner by which a proper severance may be ordered as to this phase of the case, with the judgment applicable thereto reversed and rendered.

Accordingly therefore, the proper order would appear to be one of remand.

Other than as applied to our holdings as set out hereinabove there appears to be no sound reason for further extension of this opinion. All points of error bearing upon matters not discussed have been severally considered and are overruled.

Accordingly, judgment of the trial court is reformed so as to settle the controversy as between the parties as same obtains in trespass to try title. In other words, the judgment of this court shall recite that as between parties litigant title to the property in question, identity and description not being in dispute, is in Manhattan Construction Company of Oklahoma, Manhattan Construction Company of Texas, David M. Thornton (individually and/or as trustee for said companies), and C. A. Bullen.

In all other respects the judgment of the trial court is reversed and the cause remanded for another trial.